IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-3279-D

| | |
|---|---|
| MICHAEL JOSEPH HODGE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | **ORDER** |

On November 22, 2024, Michael Joseph Hodge ("Hodge" or "plaintiff"), proceeding pro
se, filed a complaint seeking relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§
2671–2680, for injuries he sustained while being transported from Duke Regional Hospital [D.E.
1]. Hodge proceeds in forma pauperis [D.E. 2, 6]. On December 20, 2024, the court denied
Hodge's motion for appointment of counsel, reviewed the action under 28 U.S.C. § 1915, and
allowed it to proceed [D.E. 6].

On April 2, 2025, defendant moved to dismiss the complaint [D.E. 15] and filed a
memorandum, statement of material facts [D.E. 17], and exhibits in support of the motion [D.E.
18].[1] On the same date, the court notified Hodge about the motion to dismiss, the response
deadline, and the consequences of failing to respond [D.E. 21]. See Roseboro v. Garrison, 528
F.2d 309, 310 (4th Cir. 1975) (per curiam). On May 2, 2025, the court gave Hodge an opportunity

---

[1] Defendant also moves to seal these filings [D.E. 19]. The public has received notice of
the motion to seal, and nobody objected. The court has considered the motion under the governing
standard. See, e.g., Courthouse News Serv. v. Schaefer, 2 F.4th 318, 326 (4th Cir. 2021); Doe v.
Pub. Citizen, 749 F.3d 246, 267 (4th Cir. 2014). The court grants the motion.

to demonstrate the necessity for discovery. See [D.E. 24]. On June 12, 2025, the court reviewed the responses of the parties, denied Hodge's request for discovery, and set a deadline for Hodge to respond to defendant's motion to dismiss or motion for summary judgment. See [D.E. 27]. On June 20, 2025, Hodge responded in opposition to defendant's motion [D.E. 28]. Hodge renews his motion for discovery based on his understanding that Warden Rich has filed declarations in this case, and he seeks recusal of the undersigned [D.E. 29]. Hodge also moves to amend his complaint to add a declaration [D.E. 31].[2] As explained below, the court grants Hodge's motion to amend and defendant's motion to seal, grants in part defendant's motion to dismiss, and denies Hodge's remaining motions.

I.

Hodge is civilly committed to the custody of the Attorney General under 18 U.S.C. § 4248, and he is confined at the Federal Correctional Complex in Butner, North Carolina ("Butner"). See Compl. [D.E. 1, 31] ¶¶ 1b, 2; United States v. Hodge, No. 23-6071, 2024 WL 3594705, at *1 (4th Cir. July 31, 2024) (per curiam) (unpublished). On July 7, 2023, Hodge underwent surgery at Duke Regional Hospital to remove a brain cyst, and "remained in the hospital to recover and to be monitored for the next three days." Pl. Decl. [D.E. 31-1] at 1; see Sichel Decl. [D.E. 18-2] ¶ 8. On July 10, 2023, Hodge's treatment team "discharged [Hodge] into [Butner] officers' care to be transported directly to the [medical facility at Butner] where a room and bed were already assigned to" Hodge, and Hodge could receive his prescription medication and other accommodations. Pl. Decl. at 1; see Compl. ¶ 10.

---

[2] Hodge renews his request for appointed counsel. See [D.E. 28] 1; [D.E. 29] 6. The court denies these requests for the reasons stated in its December 20, 2024 order. See [D.E. 6] 2–3. To the extent Hodge contends that he needs "step instructions to" respond to defendant's motion, [D.E. 28] 1, the court repeatedly provided Hodge with the required information. See [D.E. 21]; [D.E. 24]. Hodge has demonstrated his capacity to litigate this case.

2

"The BOP officers assisted [Hodge] into a wheelchair," secured his hands and waist with cuffs, and took Hodge to a transportation van waiting outside the hospital. Pl. Decl. at 1. In the course of loading Hodge into the van, the officers failed to properly secure Hodge's wheelchair, and when "the van accel[]erated quickly forward [it] . . . caused [Hodge's] wheelchair to flip backwards slamming [his] head into the van's back door." Pl. Decl. at 1; see Compl. ¶¶ 6–7, 11.

"[T]here are no statutes, policies, or agency regulations that mandate the way in which BOP personnel must secure a handicapped individual or his wheelchair in a van during transportation." Carmona Decl. [D.E. 18-1] ¶ 3. And "safety considerations do not change based upon the physical capabilities of the individual inmate during transport." Id. at ¶ 4. For example, BOP personnel must consider "the safety of the officers, inmate, and the public at large. This includes ensuring inmates cannot escape or reach contraband during transport to injure themselves or the officers conducting the transport." Id.

The officers righted Hodge, properly secured his wheelchair, and after some discussion, decided not to seek medical attention at the hospital and to transport Hodge to his assigned housing unit ("FCI 1") instead of the medical center. See Pl. Decl. at 1–2; Compl. ¶ 11; cf. Sichel Decl. ¶ 9. Hodge reported the incident to several FCI 1 medical staff, and a physician "said he wasn't surprised as he knows of other instances where the person being transported was hurt because the inmate was a sex offender." Pl. Decl. at 2; contra Sichel Decl. ¶¶ 9, 11. The physician made arrangements to have Hodge transferred to the medical center, but when Hodge arrived, an intake nurse told Hodge he "had missed [his] 3-hour medication schedule and . . . . [would] have to wait until [his] next scheduled dosage for [his] pain medications." Pl. Decl. at 2; cf. Sichel Decl. ¶¶ 10–12.

3

Hodge alleges that he continues to suffer significant medical issues following the incident. See Compl. ¶ 13; Pl. Decl. at 2–3. Defendant disputes the cause of Hodge's medical issues. See Sichel Decl. ¶¶ 15–32; Hodge seeks monetary damages. See Compl. at 3; Pl. Decl. at 3.

## II.

### A.

Hodge contends that "Warden Rich told [Hodge] he personally made multiple decl[a]ration[s] to this court" and seeks recusal of the undersigned. [D.E. 29] 2. The court has not received any declarations from Warden Rich in this action, and defendant has served Hodge with copies of everything it has filed. Accordingly, the court denies Hodge's baseless motion. See, e.g., Liteky v. United States, 510 U.S. 540, 552–55 (1994); Belue v. Leventhal, 640 F.3d 567, 572–73 (4th Cir. 2011); United States v. Cherry, 330 F.3d 658, 665–66 (4th Cir. 2003).

### B.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted), abrogated on other grounds by Riley v. Bondi, 145 S. Ct. 2190 (2025); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80. "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see, e.g., Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court

4

may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); see Millbrook v. United States, 569 U.S. 50, 51–52 (2013); Levin v. United States, 568 U.S. 503, 506 (2013); Blanco Ayala v. United States, 982 F.3d 209, 214 (4th Cir. 2020); Anderson v. United States, 669 F.3d 161, 164 (4th Cir. 2011); Kerns v. United States, 585 F.3d 187, 194 (4th Cir. 2009). A plaintiff "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963); see Millbrook, 569 U.S. at 51–52. A plaintiff must "show that an unequivocal waiver of sovereign immunity exists." Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005); see Barnett v. United States, 132 F.4th 299, 306 (4th Cir. 2025); Anderson, 669 F.3d at 164. "If the plaintiff fails to meet this burden, then the claim must be dismissed." Welch, 409 F.3d at 651; see Anderson, 669 F.3d at 164.

The United States argues that the discretionary function exception bars Hodge's claim concerning "the manner in which BOP officers secured Plaintiff's wheelchair to the van on the date in question." [D.E. 16] 11–18. Under the FTCA's discretionary function exception, the United States is not liable under the FTCA for "[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a); see Sanders v. United States, 937 F.3d 316, 327 (4th Cir. 2019).

5

Analyzing whether to apply the discretionary function exception begins with identifying "the conduct at issue" which led to the alleged injury. S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 332 (3d Cir. 2012). Here, the conduct at issue involves BOP employees placing Hodge in a transportation van while fully shackled and in a wheelchair without adequately securing his wheelchair.

The court employs a two-part test to determine whether the discretionary function exception bars Hodge's claim. See United States v. Gaubert, 499 U.S. 315, 322–23 (1991); Sanders, 937 F.3d at 328; Wood v. United States, 845 F.3d 123, 128 (4th Cir. 2017). First, the court must determine whether the conduct "involve[d] an element of judgment or choice." Gaubert, 499 U.S. at 322 (quotation and alteration omitted); see Berkovitz ex rel. Berkovitz v. United States, 486 U.S. 531, 536 (1988); Blanco Ayala, 982 F.3d at 214; Sanders, 937 F.3d at 328; Wood, 845 F.3d at 128; Holbrook v. United States, 673 F.3d 341, 345 (4th Cir. 2012). "A government employee's conduct does not involve discretion where a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow and the employee has no rightful option but to adhere to the directive." Holbrook, 673 F.3d at 345 (quotations omitted); see Berkovitz, 486 U.S. at 536. "Where, however, a regulation authorizes or requires employee discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." Holbrook, 673 F.3d at 345 (quotation and citation omitted); see Gaubert, 499 U.S. at 324. Second, if the alleged conduct involves discretion, the court must determine "whether that judgment is of the kind that the discretionary function exception was designed to shield." Gaubert, 499 U.S. at 322–23 (quotation omitted); see Berkovitz, 486 U.S. at 536; Sanders, 937 F.3d at 328; Wood, 845 F.3d at 128; Holbrook, 673 F.3d at 345. "Because the purpose of the exception is to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social,

economic, and political policy . . . the exception protects only governmental actions and decisions based on considerations of public policy." Gaubert, 499 U.S. at 323 (quotations and citation omitted).

The government's allegedly negligent decision to transport Hodge without properly securing his wheelchair satisfies both prongs. "The conduct at issue in this lawsuit—determining how to load prisoners into a van to transport them back to prison—is exactly the kind of discretionary function that the exception was designed to shield." Menolascina v. United States, No. 12 C 90, 2013 WL 707920, at *2 (N.D. Ill. Feb. 26, 2013) (unpublished); see Rendon v. United States, No. 5:19-CT-3227, 2021 WL 8742553, at *3 (E.D.N.C. Dec. 20, 2021) (unpublished), aff'd, No. 22-6632, 2022 WL 17959815 (4th Cir. Dec. 27, 2022) (per curiam) (unpublished); Cooke v. United States, No. 5:19-CT-3321, 2021 WL 1988163, at *4 (E.D.N.C. May 18, 2021) (unpublished); see, e.g., Chaney v. United States, 658 F. App'x 984, 990–91 (11th Cir. 2016) (per curiam) (unpublished); Vinzant v. United States, 458 F. App'x 329, 333 (5th Cir. 2012) (per curiam) (unpublished); Roble v. United States Gov't, No. CV 16-4045, 2018 WL 1014928, at *5 (D. Md. Feb. 22, 2018) (unpublished); Ward v. United States, No. 5:15-CT-3129, 2017 WL 829241, at * 1–4 (E.D.N.C. Mar. 2, 2017) (unpublished), appeal dismissed, No. 17-6449, 2017 WL 4581669 (4th Cir. 2017) (per curiam) (unpublished). To the extent Hodge contends that the officers acted intentionally rather than negligently, see Pl. Decl. at 1–2, the United States has not waived immunity for certain intentional torts by law enforcement officers, including assault and battery. See 28 U.S.C. § 2680(h); Millbrook, 569 U.S. at 52; Ignacio v. United States, 674 F.3d 252, 254–55 (4th Cir. 2012); cf. Taylor v. United States, No. 2:23-CV-04671, 2025 WL 1943011, at *13 (D.S.C. July 10, 2025) (unpublished). Thus, the court grants defendant's motion to dismiss

7

Hodge's claim concerning his transportation from Duke Regional Hospital back to Butner on July 10, 2023, for lack of subject-matter jurisdiction.

### C.

The government seeks summary judgment on any FTCA claim based on the officers' failure to secure immediate medical treatment or to "notify medical staff at [Butner] of the accident." Compare Compl. ¶ 11; with [D.E. 16] 18–22. The court denies the motion without prejudice as premature. See, e.g., Tyree v. United States, 814 F. App'x 762, 763 (4th Cir. 2020) (per curiam) (unpublished); cf. Carpenter v. Bragg, No. 8:15-CV-00574, 2015 WL 13734632, at *11, 13 (D.S.C. Nov. 30, 2015) (unpublished), report and recommendation adopted, 2016 WL 845315 (D.S.C. Mar. 1, 2016) (unpublished). Defendant may raise any argument concerning the discretionary function exception in a future motion. Cf. Tyree, 814 F. App'x at 767; Medina v. United States, 259 F.3d 220, 223–24 (4th Cir. 2001); Bruno v. United States, No. 3:18-CV-1390, 2019 WL 7285281, at *4 (N.D. Fla. Dec. 5, 2019) (unpublished), report and recommendation adopted, 2019 WL 7284761 (N.D. Fla. Dec. 27, 2019) (unpublished).

### III.

In sum, the court GRANTS plaintiff's motion to amend and defendant's motion to seal [D.E. 19, 31]. The court GRANTS IN PART defendant's motion to dismiss [D.E. 15], and DISMISSES plaintiff's claim concerning his transportation from Duke Regional Hospital back to Butner on July 10, 2023 for lack of subject-matter jurisdiction. The court DENIES plaintiff's motions [D.E. 28, 29]. Plaintiff's claim based on the officers' failure to secure immediate medical treatment remains. The court REFERS this action to Magistrate Judge Robert B. Jones, Jr. for

8

entry of a scheduling order to include a deadline for defendant to answer the complaint and a period for discovery.

SO ORDERED. This 19 day of September, 2025.

JAMES C. DEVER III
United States District Judge